warranted. *See United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005).

**REMANDED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David GEORGESON, Defendant—Appellant.**

**No. 05–10291.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided March 16, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

Susan Badger, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Geoffrey A. Hansen, AFPD, FPDCA—Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

## MEMORANDUM *

Defendant David Georgeson appeals from his conviction for conspiring to commit mail and wire fraud, in violation of 18 U.S.C. § 371. On de novo review, *United States v. Zavala–Mendez,* 411 F.3d 1116, 1118 (9th Cir.2005), we affirm.

Defendant does not dispute that he conspired to defraud Richard Albarino of money. Defendant does not dispute that he executed a fraudulent deed of trust in order to gain control of the proceeds of a land sale. Finally, he does not dispute that he used the mail and wire systems in order to effectuate that scheme. Instead,

Defendant argues that the district court erred by refusing to grant his motion for acquittal because the government failed to prove that the victim had a property interest in the object of the conspiracy—the sale of the Wildernest 28 property—as required under the mail and wire fraud statutes.

Contrary to Defendant's assertions, the evidence showed that Albarino had a property interest in the *proceeds* of the sale of the Wildernest 28 property, as the indictment charged. First, Albarino obtained a Judgment from a California state court against Defendant for the entirety of his investment. Second, Albarino obtained a Charging Order from a state court in Colorado, where the real property was located. The Colorado court order required Defendant to pay the unsatisfied amount of Albarino's judgment out of any proceeds from the sale of the Wildernest 28 property that came to Defendant through his membership interest in Wildernest 28, LLC. As a member of Wildernest 28, LLC, Defendant would have been entitled to a portion of the proceeds from any sale of a capital asset of the company, such as a land sale. The Colorado court order in Albarino's favor related specifically to those proceeds.

Moreover, Defendant had invested personally in the Wildernest 28 project and was an unsecured creditor of the company. Therefore, a portion of the proceeds from the sale of the land would have gone to Defendant individually and would have been subject to Albarino's judgment against him.

The Charging Order, coupled with Defendant's standing as both a member and an individual creditor of Wildernest 28, LLC, created in Albarino an unrestricted

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and immediate right to the money received from selling the Wildernest 28 property. *See Pasquantino v. United States,* 544 U.S. 349, 125 S.Ct. 1766, 1771, 161 L.Ed.2d 619 (2005) (holding that, for purposes of the wire fraud statute, money legally due is "property in the victim's hands" (internal quotation marks omitted)).

Because Albarino had a property interest in the *proceeds* of the sale of the Wildernest 28 property, Defendant's argument that the district court constructively amended the indictment by allowing the jury to convict him of an uncharged crime—that of defrauding Albarino of his mere right to *sue* for the proceeds of the land sale—also must fail.

AFFIRMED.